■ JEFFREY McNAMARA, an Infant, by His Mother and Natural Guardian, CATHERINE McNAMARA, et al., Respondents, v. ROCCO R. IANNACI, Respondent, and JOHN F. MIDDLEMISS, Appellant. (Action No. 1.) ROCCO R. IANNACI, Respondent, v. JOHN F. MIDDLEMISS, Appellant. (Action No. 2.) — In these two negligence actions to recover damages for personal injuries, etc., defendant Middlemiss appeals from an interlocutory judgment of the Supreme Court, Kings County, dated September 5, 1972, in favor of all plaintiffs against said defendant and in favor of defendant Iannaci against plaintiffs McNamara on the issues of liability only, upon a jury verdict at a trial of said issues only. Judgment reversed, on the law and in the interest of justice, and a new trial granted, with costs to abide the event. The infant plaintiff, Jeffrey McNamara, and his coplaintiff mother, Catherine McNamara, were passengers in a vehicle driven by Rocco R. Iannaci (a defendant in the McNamara action and the plaintiff in his own action) which was involved in an accident, at an intersection, with a vehicle driven by defendant Middlemiss. Catherine McNamara was the only witness at the trial. As we view the record, her testimony was so confusing, contradictory and unsatisfactory as to have little probative value either to establish the negligence of defendant Middlemiss or the freedom from contributory negligence of plaintiff Iannaci. Additionally, the photographs of the Iannaci vehicle, taken three weeks after the accident, received in evidence without proper foundation, were prejudicial to defendant Middlemiss. Shapiro, Acting P. J., Christ, Brennan and Benjamin, JJ., concur.